# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

    Plaintiff,

v.                                              Case No: 2:18-cv-688-FtM-38UAM

G.R. CONSTRUCTION
MANAGEMENT, INC. and DANA M.
DICARLO,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Application for Clerk's Default Against G.R. Construction Management, Inc. filed on February 13, 2019. Doc. 13. For the reasons stated below, the motion is granted.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d).

As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id*. § 48.081(3)(a). If service is instead attempted on the registered agent of the corporation, the person serving process may effect service on any employee of the registered agent during the first attempt at service. *Id.* "However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." *Id.* Section 48.091 requires every corporation to designate a registered agent and to "keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and [to] keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. § 48.091(1)-(2). If the address for the registered agent is a residence, service on the corporation may be made by personally serving the registered agent, officer, or director of the corporation in accordance with Fla. Stat. § 48.031. Fla. Stat. § 48.081(3)(b). Service may be properly effected under Fla. Stat. § 48.031 by delivering a copy of the complaint and summons to any person residing at the individual's usual place of abode who is 15 years of age or older, or by delivering copies to the individual's spouse. *See* Fla. Stat. §§ 48.031(1)(a), (2)(a).

Here, the return of service states that on November 28, 2018, a process server delivered a true copy of the summons and Complaint to Glynnis Rogero, the spouse of Defendant's registered agent Richard Rogero, at the address listed for the registered agent, 8019 Banyan Breeze Way, Fort Myers, Florida. Doc. 11 at 1. Thus, service was properly effected under Fla. Stat. § 48.031(2)(a). Under Rule 12, a defendant must file an answer to the complaint within 21 days of service. Fed. R. Civ. P. 12(1)(A)(ii). To date, Defendant has not filed an answer or otherwise responded to the Complaint. Thus, the Court finds a Clerk's Default appropriate.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Application for Clerk's Default Against G.R. Construction Management, Inc. (Doc. 13) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant G.R. Construction Management, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of February, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record