UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

    Plaintiff,

v.                                    Case No.: 2:18-cv-688-FtM-38UAM

G.R. CONSTRUCTION
MANAGEMENT, INC., a Florida
Corporation; and DANA M.
DICARLO, as Trustee of the DANA
M. DICARLO REVOCABLE TRUST
DATED FEBRUARY 1, 2017,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

      Before the Court is Defendant Dana M. DiCarlo, as Trustee of the Dana M. DiCarlo Revocable Trust's Motion to Dismiss/Motion to Abstain (Doc. 24). Plaintiff Mid-Continent Casualty Company ("MCC") filed a response in opposition, to which DiCarlo filed a reply (Docs. 38; 43). Both motions present overlapping issues, therefore, the Court addresses them collectively here.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND[2]

This is a forum fight over an insurance coverage conflict. Over a decade ago, DiCarlo hired G.R. Construction ("GRC") to remodel and renovate DiCarlo's home. (Doc. 1 at 10). Several years later, DiCarlo noticed latent defects and damages that could not have been reasonably noticed earlier. (Doc. 1 at 11). So DiCarlo sued GRC for negligence in state court and prevailed (the "Underlying Action"). (Doc. 1 at 11). DiCarlo then tried, and ultimately failed, to collect the $672,853.48 judgment against GRC. (Doc. 24 at 2).

Meanwhile, GRC's insurer, MCC, filed this declaratory action to determine the scope of MCC's obligations, if any, to indemnify GRC. (Doc. 1 at 1). Five months later, DiCarlo filed a motion for proceedings supplementary in the Underlying Action to determine GRC's rights under the insurance policies and implead MCC. (Doc. 24-3). The next day, DiCarlo filed this Motion arguing that the declaratory action concerns the same parties and issues pending in the Underlying Action. (Doc. 24 at 4). MCC counters that the declaratory action should be resolved in this Court under the "first-filed" rule. (Doc. 38 at 3).

These clashing arguments present the central issue: whether this Court should exercise jurisdiction over MCC's declaratory action. This Court declines. Until the state court rules on DiCarlo's motion for proceedings supplementary, there is no way to determine whether the Underlying Action involves the same parties and issues as this declaratory action. Because that missing information is essential to the analysis, both for

---

[2] The Court must accept the facts pled in the Complaint as true on a motion to dismiss. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

deciding to exercise jurisdiction over a declaratory action and for evaluating the first-filed rule, this Court will dismiss MCC's declaratory action without prejudice as explained below.

## DISCUSSION

### A. Declaratory Judgment Act

MCC sues under the Declaratory Judgment Act, 28 U.S.C. § 2201, and bases jurisdiction on diversity of citizenship. (Doc. 1 at 1-2). Under the Act, federal courts may declare legal rights and relations of parties seeking a declaration. 28 U.S.C. § 2201(a). Although this Court has discretion to rule on an actual controversy under the Act, this Court is not required to exercise jurisdiction. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). This Court has "unique and substantial discretion" in deciding whether to exercise jurisdiction under the Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

Both the Eleventh Circuit and the Supreme Court have cautioned against a district court exercising jurisdiction over a declaratory judgment action when "another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Brillhart*, 316 U.S. at 495). In *Ameritas,* the Eleventh Circuit elaborated on the grounds for a federal court to stay a declaratory judgment action and provided a non-exhaustive list of factors for district courts to consider. *Id.* at 1331. And district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, 298 F. App'x 813, 814 (11th Cir. 2008) (quoting *Wilton*, 515 U.S. at 289-90).

### B. First-Flied Rule

The first-filed rule holds that the court with initial jurisdiction should hear a case when parties have initiated parallel litigation in separate courts. *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998). The first-filed rule avoids conflicting rulings and should not be mechanically applied. *Id.* MCC claims that the first-filed rule can equally apply when one case is in state court and the other is in federal court. (Doc. 38 at 4). DiCarlo predictably contends that the first-filed rule does not apply in that event. (Doc. 43 at 2).

A review of Eleventh Circuit precedent reveals that the first-filed rule applies "where two actions involving overlapping parties and issues are pending in two federal courts." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also NaturesMAX, Inc. v. Quintessential Biosciences, LLC*, 2:15-CV-551-FTM-38CM, 2015 WL 12826478, at *2 (M.D. Fla. Nov. 9, 2015). Yet, as a threshold matter, many courts in the Eleventh Circuit have found the first-filed rule does not apply when one case is in state court. *E.g.*, *Scottsdale Ins. Co. v. Granada Ins. Co.*, 2:18-CV-21207, 2018 WL 7917049, at *3 (S.D. Fla. July 13, 2018); *Mt. Hawley Ins. Co. v. Sarasota Residences, LLC*, 714 F. Supp. 2d 1176, 1181 (M.D. Fla. 2010) (reading *Clohessy* as suggesting that the first-filed rule applies to separate claims in federal courts, not separate claims in federal and state courts).

### C. Application to This Case

Here, the first-filed rule is inapplicable. Preliminarily, Eleventh Circuit precedent seems clear that the rule does not apply when one case is in federal court and the other is in state court. See *Warner v. Tinder, Inc.*, 675 F. App'x 945, 947 n.2 (11th Cir. 2017).

4

MCC filed this declaratory action in federal court while the Underlying Action is in state court. Thus, the first-filed rule does not apply.

Even if the first-filed rule applies here, this Court cannot currently evaluate the rule's application on its merits (i.e., whether this declaratory action is parallel to the Underlying Action). *See Clohessy*, 9 F. Supp. 2d at 1316. The state court in the Underlying Action has not ruled on DiCarlo's motion for proceedings supplementary; so there is no way to determine whether the two cases present overlapping parties and issues. On one hand, MCC says that DiCarlo's motion in state court raises identical issues to those in this declaratory action. (Doc. 38 at 4). On the other, MCC says that Florida's non-joinder statute precludes DiCarlo from impleading MCC into the Underlying Action. (Doc. 38 at 14). The state court is in the best position to resolve the substance of DiCarlo's motion for proceedings supplementary, and it would be improper for this Court to assume any such decision. Without that decision, this Court cannot determine whether this declaratory action is parallel to the Underlying Action.

Furthermore, if this Court could apply the first-filed rule on its merits, MCC's declaratory action would not necessarily be the first-filed case. MCC contends that DiCarlo's motion for proceedings supplementary is, in effect, "an entirely new lawsuit." (Doc. 38 at 4). The Florida Supreme Court, however, has explained that proceedings supplementary allow a circuit court to enforce its judgment, so there is no need for an independent suit. *Virginia-Carolina Chem. Corp. v. Smith*, 164 So. 717, 718 (Fla. 1935). The parties do not cite, and this Court has not found, case law addressing whether a motion for proceedings supplementary constitutes a separate case for purposes of the first-filed rule. Given the title, proceedings *supplementary*, it would be reasonable to

conclude that the Underlying Action was filed first, even though the insurance coverage issue was first put at issue after MCC filed this declaratory action.

In sum, the first-filed rule does not apply and likely weighs against MCC even if the rule is applied. Without a decision from the state court on DiCarlo's motion for proceedings supplementary, this Court cannot adequately evaluate the first-filed rule because there is no way to know whether the two cases involve overlapping parties and issues. Accordingly, this Court declines to apply the first-filed rule.

This Court declines to exercise jurisdiction over MCC's declaratory judgment action for a similar reason. This court cannot evaluate the factors detailed in *Ameritas* because the state court has not yet determined whether MCC will be implead as a party in the proceedings supplementary, and if so, whether MCC would raise the same issues as it has here. See [Southern-Owners Ins. Co. v. G.R. Constr. Mgmt., No. 2:18-CV-829-FTM-99MRM, 2019 WL 1745379, at *4 (M.D. Fla. Apr. 18, 2019)](). Without that necessary information, this Court cannot evaluate whether to exercise jurisdiction over this declaratory action; the issue is essentially not ripe for review. Thus, this Court will grant in part DiCarlo's request and decline to accept jurisdiction over MCC's declaratory action at this time. And all other pending motions are denied as moot.

Accordingly, it is now

**ORDERED:**

1. Defendant Dana M. DiCarlo, as Trustee of the Dana M. DiCarlo Revocable Trust's Motion to Dismiss/Motion to Abstain ([Doc. 24]()) is **GRANTED in part and DENIED in part** as set forth above.

2. The case is **DISMISSED without prejudice.**

3. All other pending motions are **DENIED as moot**.

4. The Clerk is **DIRECTED** to enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of June, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record